4-14-0775 Michael Hodits v. Stephen Dabney Attorney Matuka is here on behalf of the appellant and attorney long is here on behalf of the appellate. Ms. Matuka you may proceed. Good afternoon your honors. I please support counsel. During an opening statement the jury is deciding if they can trust you. They're summing up your credibility, they're figuring out if you're trustworthy, if you're knowledgeable, if you're confident, all to finally figure out if they like you or not. Because it boils down to in most cases if you're likable the jury trusts you and it's easier to convince them to go one way or another. By the court sustaining two objections during my opening statement the jury immediately did not believe that I was knowledgeable first of all. They didn't believe that the plaintiff was trustworthy. Of course my confidence was probably shaken because I was surprised that I had two sustained objections during my opening statement. And they probably didn't like our side very much. The cases that were cited in the brief, particularly the Selby case v. Danville-Pepsi basically states that as long as you're not putting forth evidence that cannot be proven or that you know won't be admitted, and as long as you're saying the evidence will show, then you can argue, you can present your case during your opening statement. As long as you're outlining what you think the evidence will show and I believe we certainly did that in the opening statement. There were no, we didn't claim anything in the opening statement that wasn't or couldn't be proven. And it was simply a tactic that was used to talk about rules. It was just a style. But it certainly was not argumentative. It certainly outlined the case for the jury and we believe that the objections caused prejudice against the plaintiff in that case and we'd ask that the court overturn that. For the rest of the arguments raised, I'd like to just rely on my brief. They were really kind of small arguments, but I'd be happy to answer or address any questions that the court may have. I don't see any. Thank you counsel. We'll have more time on rebuttal if you need it. Mr. Wong? Your honors, may it please the court, counsel. Your honor, I guess if we're only talking about the opening objections, I believe the court properly ruled upon the two statements that I felt were objectionable as argumentative. The plaintiff made one statement of if the defendant had chosen to yield, then would have been the next thing out of counsel's mouth, which I think is pretty much an argument. Then there was a statement of the plaintiff would do as a reasonable person would have done or the defendant would have done as a reasonable person would have done. That's another opening for an argument there. But what it all comes down to, your honors, is that if this was a situation where the objections should have been overruled, the error was harmless. There was no prejudice to the plaintiff. This was an opening statement. There was still evidence to be presented as well as the closing argument. The idea that somehow when someone objects to an opening statement that causes harm, that results in a situation where we need a new trial or a verdict should be overturned, I don't think is appropriate and has not been shown by the plaintiff in this case. As far as the jury instructions, first and foremost, there is no presentation of evidence to this court to show the court whether or not the trial judge abused his discretion. So if we don't have the evidence before, your honors, I don't know how you can make a determination that jury instructions were proper or improper. I believe the court made the proper ruling with regard to all the jury instructions with regard to the verdict forms, the idea that 3 is more efficient than 2 or 4 is more efficient than 2 when it's a liability-only trial and there's only one thing for the jury to decide, whether or not the defendant is more than 50% at fault. The idea is to simplify and streamline everything. I believe the two jury instructions did that. The idea that more math and more reading somehow prejudices the jurors has been raised by an appellant in his brief, I don't believe is supported by any logical conclusion. And as for the issue with the modified 36.01, the plaintiff says that the verdict form itself is an instruction. And I'm not sure how that's possible at all when a verdict form is, there's A, we find for the plaintiff, and B, we find for the defendant. And verdict form B, 45.01, which the plaintiff says is an instruction, is merely the jury making a determination that they're finding in favor of my client after hearing all the evidence. But again, to go back to my original argument, even if the court finds the trial judge of use's discretion, these are harmless errors because the jury considered all the evidence and after considering the evidence, they found that the plaintiff had failed to meet his burden of proof that my client did anything negligent. And we don't have that evidence before, Your Honors, so I believe the verdict should stand and the trial judge should be sustained in what he ruled upon in favor of the defendant in all these instances. Thank you, Your Honor. Any rebuttal? Counsel? Just briefly, Your Honors, I believe the fact that I stated during my opening statement that the evidence will show, the evidence will show, the evidence will show, I stated that at least three times in my opening statement. I believe that made those statements not argumentative. Also, the issue that I had with the jury instruction, 36.01, was the fact that in this case there was a stipulation that even if the jury found that the parties were 50-50 at fault, then it would still be a judgment for the plaintiff. But given that jury instruction, 36.01, if you find for the defendant on the issue of liability, then the judgment should be for the defendant. I believe that that was an improper instruction. There was prejudice to the plaintiff because of that instruction. I don't quite follow. What's the prejudice there? So, if you, so if by chance they thought it was 50-50, so therefore the plaintiff would have some liability, they would have 50% liability, then the instruction said, if you believe that the plaintiff had liability, then the judgment is for the defendant. So, however, with the stipulation that was in place, if it had been 50-50, there would still be a judgment for the plaintiff. And so, it misled the jury and that's why it was prejudice. Okay, thank you. We will take this matter under advisement and be at recess.